**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
ANTHONY KUFORIJI, :
                            Plaintiff, :
: **MEMORANDUM AND ORDER**
     -against- :
: 10-CV-1874 (ENV)
COMMISSIONER OF SOCIAL SECURITY :
ADMINISTRATION, :
:
                            Defendant. :
:
------------------------------------------------------------------x

**VITALIANO, D.J.**

    Pro se plaintiff Anthony Kuforiji seeks review of a Social Security Administration ("SSA") determination that it overpaid him certain supplemental security income benefits. As detailed below, his complaint is dismissed upon SSA's motion.

**Background**

    On October 2, 2009, SSA sent Kuforiji a notice stating that it had overpaid him $324.50 in supplemental security income between October 2008 and January 2009. The notice explained that Kuforiji had 60 days to file an appeal and that, if he did not file an appeal within 30 days, SSA would begin to withhold up to 10% of his future payments each month until the overpayment was repaid. SSA represents that it has no record of an appeal from plaintiff regarding the overpayment, timely or otherwise.

    On April 19, 2010, Kuforiji filed a complaint in the Southern District of New York naming SSA employees as defendants and seeking (1) an order that SSA refund benefits totaling $2368.20 that had been withheld from him and (2) an award of $5000.00 for the "mental anguish, humiliation, pain and suffering" inflicted as a result of the withheld benefits. (Compl. at 4.) The $2,368.20 appears to have been calculated by adding various amounts which Kuforiji alleges were improperly withheld by

1

SSA between June 2009 and September 2009. Chief Judge Preska of the Southern District (1) construed the complaint as seeking review under § 205(g) and § 1651(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and § 1383(c)(3); (2) captioned the case as naming only the Commissioner; and (3) transferred the case to this Court because plaintiff lives in this district.

SSA has moved to dismiss based, in essence, on Kuforiji's failure to file an administrative appeal. In Kuforiji's opposition, he principally discusses the merits of his case. Further, in an apparent attempt to dispute his failure to appeal, he claims that a homeless service organization assisted him in sending a "protest form" to an SSA office in the Bronx and that he sent a "special letter" to a "Regional Headquarters" in California. Yet, he fails to say when he took these actions or what exactly he protested in them.[1]

## Discussion

A district court generally cannot hear a challenge to an SSA determination absent exhaustion of administrative remedies, including the filing of a prior, timely agency appeal. Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983); Walrath v. Commissioner of Soc. Sec., 139 Soc. Sec. Rep. Serv. 412 (N.D.N.Y. 2009). Plaintiff had 60 days from October 2, 2009 to appeal the overpayment notice. See 20 C.F.R. §§ 416.1400-02, 416.1400-09. Plaintiff does not plead that he filed a timely appeal—nor does the record reflect that he did. Accordingly, plaintiff has failed to exhaust his administrative remedies. See Escalera v. Commissioner of Soc. Sec., 457 Fed. App'x 4, 6-7 (2d Cir. 2011).

A plaintiffs' failure to exhaust can be excused "if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." Id. at 6 (quoting Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir.1997). The only exception even potentially relevant here is the futility exception. Plaintiff dissembles about someone sending some protest on his behalf at some unidentified time and his sending a "special letter" to an SSA office in

---

[1] He does, at one point, state the "special letter" identified allegedly problematic conditions at a government shelter. But, that allegation has no relevance to this action.

California.  But, these unspecific assertions come nowhere near plausibly demonstrating that SSA was unwilling to hear a timely appeal or that, for some other reason, filing a timely, agency appeal would have been futile.  See Skubel v. Fuoroli, 113 F.3d 330, 334-35 (2d Cir. 1997) (holding exhaustion can be waived as futile when an agency indicates an unwillingness to reconsider its decision despite the availability of additional agency proceedings).  If there is still any chance of plaintiff obtaining the relief he seeks—and there may not be—he must begin by seeking it through SSA proceedings, perhaps by attempting to extend his time to appeal.  See Baur v. Commissioner of Social Sec., No. 10–CV–3781 (CBA), 2011 WL 1877726, at *3 (dismissing a complaint for failure to exhaust and noting that "although [plaintiff] had sixty (60) days in which to request reconsideration . . . , the Commissioner may extend the time in which to seek reconsideration for good cause shown" (citing 20 C.F.R. § 404.909)).  Accordingly, plaintiff's claim for review of SSA's benefits determinations under the Social Security Act is dismissed for failure to exhaust.[2]

**Conclusion**

For the foregoing reasons, defendant's motion is granted and the complaint is dismissed for failure to exhaust without prejudice to the filing of a second complaint in the event that administrative remedies are exhausted at some future date.

The Clerk of Court is directed to enter judgment and to close this case.

| | |
|---|---|
| SO ORDERED. | s/ ENV |
| Brooklyn, New York<br>August 8, 2012 | ERIC N. VITALIANO<br>United States District Judge |

---

[2] Plaintiff's purported claim for damages, whether asserted against SSA or its employees, fails because the Social Security Act provides the exclusive remedy for a claim, like that here, which stems entirely from SSA's determination of benefits.  See Schweiker v. Chilicky, 487 U.S. 412, 424, 429, 108 S. Ct. 2460, 2463, 2471 (1988).  See also Katsoulakis v. Astrue, No. 10–CV–0081 (JFB), 2011 WL 3877080, at *5-6 (E.D.N.Y. Aug. 31, 2011) (finding no action cause of action was available to a plaintiff challenging an SSA determination under either Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) or the Federal Tort Claims Act).